IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAY G. BESING,

        Plaintiff,

vs.                           CIVIL NO.   01-168 BB/LFG-ACE

IST BOOKS LIBRARY et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## RECOMMENDING GRANTING PLAINTIFF'S MOTION[1]

THIS MATTER is before the Court on Plaintiff Ray G. Besing's ("Besing")April 2, 2001 "Motion to Enlarge Time, After Deadline" [Doc. 22].  The motion is opposed.  The questions presented are whether Besing's demand for jury trial and subsequent filing of demand were timely under Fed. R. Civ. P. 38 and, if not, whether the Court will nonetheless allow a jury trial.

### Rule 38 Requirements

Rule 38 governs the parties' right to a trial by jury in civil cases and sets out a procedure explaining how the parties are required to exercise their right to such a trial.  The Rule provides that a party wishing a jury trial for an issue must serve a jury trial demand within ten days after service of the last pleading raising or responding to that issue.  <u>Mile High Indus. v. Cohen</u>, 222 f.3d 845, 855 n. 8 (10th Cir. 2000); <u>Burns v. Lawther</u>, 53 F.3d 1237 (11th Cir. 1995).  Normally, the last pleading

---

[1] This matter is before the Court pursuant to an order of reference from the Honorable Bruce D. Black.  Within ten (10) days after a party is served with a copy of this memorandum and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such memorandum and recommendation.  A party must file any objections within the ten-day period allowed if that party wants appellate review of the memorandum and recommendation.  If no objections are filed, no appellate review will be allowed.

is the answer to the complaint. United States v. Calif. Mobile Home Park Mgmt. Co., 107 F.3d 1374, 1378 (9th Cir. 1997).  In this case, the last answer was filed and served on March 6, 2001.[2]

Under Rule 38, Besing was required to serve his jury demand within ten days of service of the last answer.  Beyond the requirement of service of a jury demand within ten days, Rule 38(b) provides for the filing of the demand with the court as required by Rule 5(d).  That Rule, 5(d), in turn, provides, "All papers . . . required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service . . . ."  The failure to serve and timely file a jury demand is a waiver of the right, even if the failure was inadvertent.  Indiana Lumbermens Mutual Ins. Co. v. Timberland Pellet and Lumber Co., 195 F.3d 368, 374 (8th Cir. 1999).

Whether the time between service and filing is "reasonable" is a matter left to the discretion of the Court.  Chesson v. Jaquez, 986 F.2d 363, 365 (10th Cir. 1993)(holding that filing within six days after service is reasonable, particularly because a weekend fell within that period).  Using the appropriate calculations for computing the ten days after service of the last answer on March 6, including elimination of intervening weekends and adding three days for mailing, the deadline for Besing to serve his jury demand was March 23, 2001.  Fed. R. Civ. P. 6(a), (e); Theede v. DOL, 172 F.3d 1262, 1266 (10th Cir. 1999).  It is undisputed that Besing served his jury demand on March 19, 2001.  It is also undisputed that Besing did not file his jury demand with the Clerk of the Court until March 28, nine days after service and five days after the ten-day demand deadline set out in Rule 38.

---

[2] Besing intimates that Defendants are somehow responsible for his failure to file his jury demand with the Clerk because Defendants prematurely answered the complaint.  He argues that answers were not due until March 14, 2001.  It follows, he contends, that had Defendants taken their full allotment of time and answered and served on March 14, rather than on March 5 and 6, his demand made on March 19, and filed on March 21, 2001, would have been timely.  This argument is frivolous.

It is also undisputed that part of the delay in filing the notice of jury demand with the Clerk of the Court is that Besing used an improper address for the Court Clerk.

### **Analysis**

In his motion and supporting affidavit and reply asking for more time, Besing makes numerous references to his *pro se* status; the absence of counsel ("Plaintiff cannot afford to hire legal counsel"); his lack of assistance ("Plaintiff cannot afford to hire a legal secretary"); and his own inability to operate his home computer efficiently ("so that a change in a post office box number could have been spotted and corrected"). The implication in these arguments is that the Court should afford Besing some special consideration as a poor, *pro se* litigant.

Given Besing's status, that implied argument is disingenuous at best. Besing is not an unschooled layman, unfamiliar with the law or rules of civil procedure. To the contrary, he is a long-time attorney who practiced law in the Dallas area for some thirty years. Nothing in the record supports the insinuation that a lack of financial resources puts him at an unfair disadvantage. Nor is Besing unfamiliar with *pro se* litigation;[3] or the consequences of not following court rules.[4]

---

[3] Even a cursory review of court's electronic dockets show that Besing is a frequent *pro se* litigator. A sampling of the dockets show the following: (1) Besing v. Home Ins. Co. of Ind., 510 U.S. 826, 114 S. Ct. 89 (1993); (2) Besing v. Seeligson, Douglass, Falconer & Vanden Eykel, 822 S.W. 2d 107 (Tex. App. 1991); (3) Besing v. Smith, 843 S.W. 2d 20 (Tex. 1992); (4) Besing v. Vanden Eykel, 878 S.W. 2d 182 (Tex. App. 1994); (5) Besing v. Moffitt, 88 S.W. 2d 79 (Tex. App. 1994); (6) In the Matter of Ray G. Besing and Besing & Assoc., 981 F.2d 1488 (5th Cir. 1993); (7) Besing v. America West Holdings Corp., 242 F.3d 387 (Table, text in Westlaw), No. 00-2024, 2000 WL 1786471 (10th Cir. Dec. 6, 2000); (8) Besing v. City of Santa Fe, No. D-101-CV-200100172 (N.M. Dist. Ct. filed Jan. 23, 2001); (9) Besing v.Buffington, No. M-49-TR-9901444; (10) Besing v. Cont. Gen. Ins. Co., No. M49-CV-9901444 (N.M. Mag. Ct. filed Nov. 30, 1999).

As Westlaw only covers published opinions, generally in appellate courts, there is no comprehensive listing of Besing's trial court *pro se* litigation activities, save for those in New Mexico, where trial records are electronically available.

[4] In one prior *pro se* lawsuit, Besing's pleadings were stricken as a sanction for abusive practice ("On March 2, 2987, as a result of discovery abuse, the state court entered a sanction order striking the Debtors'

The Court rejects Besing's urgings that some special treatment should be afforded him because he is a *pro se* litigant, unable to hire his own legal counsel, secretary, or efficiently operate his home computer. Given his status as an attorney and his experience in *pro se* lawsuits, these arguments ring hollow.

The record confirms that Besing served his jury demand on Defendants on March 19, 2001, well within the ten-day period under Rule 38. As noted before, Besing had until March 23, 2001 to make his demand. Thus, the only question is whether his failure to file proof of notice until some nine days later was unreasonable.

An admonition to federal practitioners on how to avoid disputes in determining whether pleadings were filed within a reasonable amount of time appears in the Federal Civil Rules Handbook, "[p]ractitioners should err on the side of caution and file their papers simultaneously with service, or as soon thereafter as possible." Baiker-McKee et al., Federal Civil Rules Handbook 188 (2001)(Commentary, Rule 5(d)). While it would have been the better policy and avoided the present problem, Besing did not simultaneously file his proof of service when he served his jury demand. This, however, does not violate the rule, as Rule 5(d) sets no bright line test for filing other than a "reasonable time." Thus, before the Court can conclude that the tardy filing of the demand evidences a waiver of a right to a jury trial, the Court must first conclude that Besing's March 28, 2001 filing was "unreasonable." Nothing in the record supports that conclusion.

Given strong policy considerations in favor of jury trials, a court should exercise its discretion in favor of granting the trial "in the absence of strong and compelling reasons to the contrary."

---

pleadings and dismissing with prejudice their claims for affirmative recover"). In the Matter of Ray G. Besing and Ray G. Besing &Assoc., P.C. Debtors, No. 91-7393 (5th Cir. 1993).

Nissan Motor Corp. v. Burciaga, 982 F.2d 409 (10th Cir. 1992), *citing* AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir. 1965). No strong or compelling reason justifying a waiver exists in this record. Indeed, even if the delay in filing had been longer, the Court, on its own initiative, could order a jury trial. Rule 39(b).

The Tenth Circuit held in Nissan that it was not an abuse of discretion to deny a jury trial when the failure to timely make a demand was due to inadvertence. Nissan, 982 F.2d at 409. However, in this case, there is more than mere inadvertence. There was an actual mistake. Besing timely mailed his proof of jury demand to the wrong court. This case was initiated in state district court and subsequently removed to federal court. Besing simply mailed the notice to the state court. By the time he realized and corrected his error, several days had passed. He did not file his demand for jury trial with the correct court until March 28, 2001.

In the exercise of the Court's discretion, the Court cannot state that a nine-day delay in filing the proof of service was unreasonable, caused prejudice or constitutes waiver of the right to a jury trial. Clearly, Besing made a timely demand for a jury trial, and Defendants were aware of Besing's demand. It was only the Court that was unaware of the jury demand due to Besing's failure to properly file the demand, and that lack of knowledge lasted for only a few of days. In the absence of prejudice, the Court would be hard pressed to find a "strong and compelling reason" to deny Besing a trial by jury. Indeed, this is the kind of situation where the Court could authorize a jury trial under Rule 39(b), even if the filing of the jury demand was deemed "unreasonable." No party is prejudiced by allowing the jury demand to stand.

Therefore, in accord with the Tenth Circuit's admonition, the Court exercises its discretion in favor of allowing the jury demand. The Court determines that Besing's jury demand was timely

and that the March 28, 2001 filing of the jury demand, under the circumstances, was not unreasonable. Thus, the Court recommends granting Besing's motion.

                                                                    */s/ Lorenzo F. Garcia*
                                                                    Lorenzo F. Garcia
                                                                    United States Magistrate Judge