# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RAY G. BESING,

      Plaintiff,

v.                                                                                                        No. CIV 01-168 BB/LFG

ADVANCED MARKETING TECHNOLOGIES,
L.L.C., HIRONS & COMPANY ADVERTISING,
INC., and INGRAM BOOK GROUP, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of a motion to dismiss filed by Defendant Ingram Book Group, Inc. (Doc. 60). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be denied.

In considering a motion to dismiss for failure to state a claim, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Yousef v. Reno*, 254 F.3d 1214, 1219 (10th Cir.2001). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Ingram maintains the Second Amended Complaint fails to allege any wrongdoing on its part, with respect to the claims Plaintiff has raised. Construing the allegations of the complaint in the light most favorable to Plaintiff, the Court disagrees. The complaint alleges that the Defendants joined together to solicit and sell publishing, marketing, and distribution services to aspiring authors. Ingram was to supply the distribution services. Defendants made unrealistic, exaggerated, and false representations regarding their ability to deliver traditional publishing and distribution services. As

part of these representations, Defendant Advanced Marketing Technologies ("AMT") assured Plaintiff that in coordination with Ingram, Plaintiff's book could be published and distributed in a traditional manner. Defendants then failed to coordinate and cooperate with each other, and Ingram committed errors in the processing and distribution of the hardcover version of the book, resulting in damages to Plaintiff. Significantly, the contract between AMT and Plaintiff, incorporated into the complaint, specifically refers to Ingram several times, stating that Plaintiff's book would be registered with Ingram for distribution and would be listed in a national magazine published by Ingram, concerning books newly released for publication.

It is possible that Ingram knew nothing of the alleged activities of its co-defendants, that AMT simply used Ingram's name in the contract as a purely business proposition, and that Ingram was involved only in business transactions with its co-defendants. The Court finds, however, that the Second Amended Complaint adequately alleges that Ingram was aware of and actively participated in the alleged scheme, as an essential component of the plan to lure Plaintiff into purchasing the services of all three Defendants. At this stage of the proceedings, therefore, the Court must decline to dismiss Ingram as a Defendant.

**ORDER**

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the motion to dismiss filed by Defendant Ingram Book Group, Inc. (Doc. 60) be, and hereby is, DENIED.

Dated this 28th day of October, 2001.

                                                              _____
                                                              BRUCE D. BLACK
                                                              United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Charles R. Peifer
Cerianne L. Mullins
Browning & Peifer, P.A.

**For Defendant Ingram Book Group**:
Charles J. Vigil
Leslie McCarthy Apodaca
Rodey, Dickason, Sloan, Akin & Robb, P.A.